Mr. Chief Justice Sharkey
delivered the opinion of the court.
This bill was filed to obtain relief against a statutory judgment, which accrued by virtue of the forfeiture of a forthcoming bond. The first ground made by the bill is, that the bond recites that the levy was made under an execution in favor of Walker against Williamson Smith and John Webb, when in truth the execution was against Smith.
The consideration of such a bond, is the redelivery of the property levied on. To sustain it, there must be an execution which authorized the seizure. Then there is a sufficient consideration. In this instance there was an execution in favor of Walker against Smith, and Smith’s property was levied on. Here then was a valid execution and a valid levy. The mere, recital in the bond, that the execution was against Webb and Smith, does not vitiate the bond; that is no part of the obligation, nor can this misrecital in ,any way affect these parties. If the execution had been against two as recited, if one gave the bond, he and his sureties alone are bound, the party who did not join being thereby discharged. The case of Wilkinson v. McLochlin & Co., (1 Call, 49,) was a stronger case against the validity of the bond than this; the name of one of the plaintiffs in execution was omitted in the bond, and yet it was held good. These parties were not sureties for Webb, and his solvency, and the insolvency of Smith for whom they were sureties, cannot be ground of relief.
The next ground is, that there was no actuál levy, but the names of the negroes were inserted by Smith in the bond, in which condition it was handed to the sheriff. We cannot say that this was not equivalent to an actual seizure. It was an admission of a levy by the defendant in execution, and he could not be heard to object on this ground. An actual seizure is necessary to change the property, and in a controversy between *550 the sheriff and a claimant of the property, it is necessary to prove an actual seizure. But the right to personal property, and the right of possession will pass by a constructive delivery, and this was in effect such delivery. In the case of Long v. U. S. Bank, (Freem. Ch. Rep. 375,) Chancellor Buckner decided that a bond given for fictitious property, or without a substantial levy, was void. The bond in that case was delivered in blank. Here there was a substantial levy.
In the next place, it is insisted that the bond was void because the negroes were subject to an unsatisfied mortgage. This objection is answered by the decision in Lyme v. Montague, (4 Hen. & Munf. 180,) in which it was held, that the bond was good if the defendant had a qualified property. Neither the principal nor his sureties can set up an outstanding title to defeat their own obligation to deliver the property, unless such title has been asserted so as to prevent a delivery. It was the business of the sureties to inform themselves as to the condition of the property, inasmuch as they had a right to deliver it in discharge of the bond. But the mortgage did not prevent the delivery. Whether the sheriff could have sold or not, is' a different question. It might operate as a fraud upon the execution creditor, to release parties to a forthcoming bond, who had voluntarily filled up the bond with property not liable to sale, and then to permit them to set up this as an excuse for a failure to deliver.
The last objection is, that it was a fraud in the deputy sheriff, not to inform them that the execution was against Smith alone. It was their business to inform themselves on this subject. The bond may have been filled up entirely by Smith, as it seems to have been delivered to him at least partly in blank. The facts charged do not amount to fraud even if true; but if they did, the plaintiff in execution is not implicated; nor indeed is there any charge of fraud as to him. If fraud was committed by the principal in the bond, he is not affected by it.
Decree reversed, and bill dismissed.